Nicholas Paul Granath, OSB #180295
CJA Panel Attorney
19559 Amber Meadow Drive, Suite 130-119
Bend, Oregon 97703
Tel: (612) 210-8460
npg@bendbroadband.com

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 3:20-cr-00288-HZ-1 |
|---|---|---|
| Plaintiff, | ) | DEFENDANT'S |
| | ) | TRIAL MEMORANDUM |
| v. | ) | |
| CHRISTINE LISA MARGAUX, | ) | |
| Defendant. | ) | |

NOW COMES Christine Lisa Margaux, by and through her attorney, Nicholas Paul Granath, before the Honorable Marco A. Hernandez, in Courtroom 15A of the above-captioned Court, 1000 S.W. Third Ave., Portland, OR, 97204, and hereby submits the following trial memorandum.

**I.  ALLEGATIONS.**

The Information in this matter charges Ms. Christine Lisa Margaux with one count, Count I, for Failing to Obey a Lawful Order in violation of Title 40 U.S.C. § 1315 and Title 41 C.F.R. § 102.74.385. In support of Count I, the Information alleges only these facts:

> [That] "on or about July 30, 2020" Ms. Margaux "did willfully enter in and on federal property, to wit: the grounds of the Mark O. Hatfield Federal Courthouse and fail to comply with the lawful direction of federal police officers and other authorized individuals."

Count I is a class C misdemeanor with a maximum term of imprisonment of 30 days. The Government has filed no Superseding Information.

## II.   COURSE OF PRCEEDINGS.

Ms. Margaux was arrested, arraigned, and released on conditions, all on July 30, 2020. She had since remained on release. Trial is now scheduled for a two-day jury trial starting on April 6, 2021. Trial has been continued twice, both times without objection. Ms. Margaux, however, will not seek a further continuance.

## III.   STATEMENT OF FACTS.

Ms. Margaux was one of countless citizens across this county who last summer publicly expressed their support for Americans of color to be afforded fair and safe treatment by law enforcement, a goal shared by a majority of Americans and consistent with the highest ideals of our Republic. In Portland, Oregon, as in cities all across America, concerned citizens like Ms. Margaux took to the streets, entered into public spaces, and there spoke directly to the government. Often they gathered outside of prominent symbols of government authority such as the Mark O. Hatfield Federal Courthouse in Portland, where Ms. Margaux did too.

Public records show that the federal government owns the block of land on which the Mark O. Hatfield Federal Courthouse stands but that it grants to the City of Portland a public-right-of-way easement for sidewalks adjacent to the Courthouse building. (Def. 000005; Def. 0000013; Def. 0000045; Def. 0000056).[1] The government has not disclosed any official record of, or claim by, the United States to ownership of any land beyond the block on which the Courthouse stands.

---

[1] Multnomah County Oregon Property Records: Property ID: R245999; Situs address: 1030 WI/SW 3rd Ave., Portland, OR 97204; Legal Description: Portland, Bock 24, INC PT VAV STS Lot 4; Owner Name: United States of America.

The City of Portland, however, has publicly – and directly to the US Government – asserted its ownership of city streets surrounding the Courthouse and its right to control the same during and after last summer's protests, as was widely reported in the media. (Def. 0000048-49).[2]  The City even sued the federal government in the context of last summer's protests, invoking the Tenth Amendment "reserving to the states and their localities the power to police their own streets …" and alleging a subsequent agreement with the federal government to "withdraw from the streets of Portland." *See*, *City of Seattle, et al v. Donald Trump, et al*, Case No. 2:20-cv-01560 (W.D. Wash., Oct. 22, 2020) docket 1, ¶ 8, ¶ 38).

At about 12:30 a.m. on Thursday morning, July 30, 2020, Ms. Margaux, unarmed, was peacefully exercising her First Amendment rights.  Ms. Margaux was doing so by kneeling, stationary, her arms outstretched, her hands up and open in a symbolic and placatory statement, as is shown by both government disclosed evidence in the form of a recorded video (Margaux_0000025) as well as by several civilian videos taken and since disclosed by the defense (Def. 000001; Def. 000005; Def. 0000047).

Ms. Margaux was at the time, physically located in a public, City of Portland owned street, S.W. 2nd Ave. (*Id*.).  Specifically, Ms. Margaux was located on the east end of S.W. 2nd Ave., away from the Mark O. Hatfield Federal Courthouse, just inside the second broken white road-lane marker, i.e. the line (of two) the farthest away from the Courthouse. (*Id*.).  Consequently, Ms. Margaux was beyond the center of the street, so more than 35 feet from the edge of the sidewalk abutting the Courthouse. (*Id*.).

This moment, which immediately preceded Ms. Margaux's apprehension by federal

---

[2] *See e.g.*, OPB "Portland sends federal government $528,000 fine over courthouse fence" by Conrad Wilson, August 5, 2020, https://www.opb.org/article/2020/08/05/portland-oregon-courthouse-fence-fine.

agents, was captured in video and in photos by media sources from different vantage points. One view, published in photo-stills in national media (Def. 0000014)[3] and then republished in the international media (Def. 0000012)[4], shows Ms. Margaux's exact location just before apprehension and arrest:



[S.W. 2nd Ave., looking west towards the Courthouse, Christine Margaux kneeling in foreground]

Another still photo captured from a video taken by local media and published to the public on social media (Def. 0000047)[5] shows Ms. Margaux's same location but from the opposite side

---

[3] National Public Radio, www.npg.org, "Review of Federal Charges In Portland Unrest Shows Most Are Misdemeanors", Caption: "A demonstrator is pepper-sprayed July 30 shortly before being arrested during a Black Lives Matter protest at the Mark O. Hatfield United States Courthouse in Portland, Ore." Marcio Jose Sanchez/AP, September 5, 2020, by Ryan Lucas.

[4] The Guardian, "US Police three times as likely to use force against leftwing protestors, data finds"; Caption: "A demonstrator is pepper sprayed shortly before being arrested during a Black Lives Matter protest in Portland, Oregon, on 15 October. Photograph: Marcio José Sánchez/AP"). January 14, 2021, by Lois Beckett.

[5] Cory Elia video, 30 July 2021; https://twitter.com/TheRealCoryElia/status/1288739420745560064.

of the city street, near the "Style on 2nd Hair Design" shop:



[S.W. 2nd Ave., looking west away from Courthouse, Christine Margaux kneeling in background]

At about 12:27 a.m. a phalanx of armed federal agents began discharging noxious gases, chemical sprays, and automatic non-lethal projectiles around and towards Ms. Margaux, and also detonated loud flash-bang grenades in her proximity. (*Id*.). These federal agents then physically advanced upon Ms. Margaux, apprehended her by tackling her – and physically displaced her towards the Courthouse before moving her off the street. (*Id*.). Yet Ms. Margaux offered no physical resistance and stated she would not, even as federal agents arrested, secured, and then dragged her out of the city street on to federal property, inside the Courthouse garage. (*Id*.).

Ms. Margaux did not willfully consent to her person being forcefully removed from the city street on to federal property, indeed at all times she passively resisted as she was dragged out of sight into the recesses of the garage. (*Id*.)

Immediately that same morning Ms. Margaux was photographed by arresting federal agents with a sign they wrote and they placed upon her, which said "1230 USMS FPS8505 *Assault*

Christine Margauo.[*sic*]" (Margaux_000008; Margaux_000009) [emphasis added]; *see also* (Margaux_000003).





Yet the government did not then, nor has it since, charged Ms. Margaux with "assault" or with any violent offense (nor would the government's disclosed evidence support such charges). Rather, while being filmed and photographed, Ms. Margaux at all times peacefully exercised her 1st Amendment rights on a City street, in the shadow of federal authority, even while she endured a militarized street-sweep that ended her protected speech, during which she remained non-violent

and passive. (Def. 000005; Def. 0000013; Def. 0000045; Def. 0000056).

Ms. Margaux never "willfully" entered "in and on" to any federal property on which the Courthouse stands on July 30, 2020.  Ms. Margaux never failed to comply with any lawful direction of a federal agent (even if it was possible to hear any) while on federal property.  Ms. Margaux remained outside of federal property until she was forcibly taken in to the Courthouse, where she was further detained for an "assault" that was never charged.

## IV. LEGAL STANDARDS.

Section 1315, cited in the Information, authorizes "regulations necessary for the protection and administration of property owned or occupied by the Federal Government and persons on the property." § 1315(c)(1).  It also requires that such regulations "shall be posted and remain posted in a conspicuous place on the property." (*Id.*).  For "authority *outside* of federal property" the statute authorizes "agreements with Federal agencies and with State and local governments to obtain authority for [federal] officers and agents … to enforce Federal laws … concurrently with other [state and local law enforcement officers]." 40 U.S.C. § 1315(e) [emphasis added].

Authorized by Section 1315, Title 41 C.F.R. § 102.74.385, which is cited in the Information, provides in its entirety that:

> Persons *in and on property* must at all times comply with official signs of a prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals.

(*Id.*) [emphasis added].  This regulation has been interpreted to require that "property" means *federal* property – not property that is owned by an entity other than the federal government. *See e.g.*, *United States v. Baldwin*, 745 F.3d 1027, 1029 (10th Cir. 2014); *United States v. Estrada-Iglesias*, 425 F. Supp. 3d 1265, 1270 (D. Nev. 2019).

**V.     EVIDENCE AT TRIAL WILL NOT PROVE THAT MS. MARGAUX DID "WILLFULLY ENTER IN AND ON" TO FEDERAL PROPERTY, RATHER IT WILL SHOW SHE ENGAGED IN PROTECTED FREE SPEECH ON A CITY STREET UNTIL FORCIBLY REMOVED TO THE COURTHOUSE BY FEDERAL AGENTS.**

In the months since the Information was filed, despite a comprehensive written discovery demand, the evidence disclosed by the government in fulfilment of its constitutional and discovery obligations in this matter fails to show that it could ever prove at trial that Ms. Margaux "willfully" entered into the Mark O. Hatfield Federal Courthouse or was "in and on" *federal* property when any "direction" of federal officers was issued to her, or when she was apprehended and arrested.

Rather the government's evidence will show, as will the defendant's evidence, that Ms. Margaux was at all relevant times in and on a City of Portland public street that was certainly not not owned by the federal government nor any part of an extension of its property rights. This same evidence will show that Ms. Margaux was forcefully and against her will, bodily removed by federal agents into and onto the block of land that the Courthouse stands on, while she was exercising in a peaceful manner her protected 1st Amendment rights.

Hence, because Ms. Margaux was never on federal property the evidence at trial will be insufficient to show beyond a reasonable doubt any of the elements of the charged offense, i.e. willful entry, in or on federal "property", direction of federal officers, and a knowing failure to comply with directions. *See, United States v. Estrada-Iglesias*, 425 F. Supp. 3d 1265, 1270 (D. Nev. 2019).[6]

---

[6] Accordingly, if the government's pre-trial submissions show there is i) no dispute of fact about defendant's location and ii) the government does not object, then Ms. Margaux will move before trial for judgment of acquittal under Rule 29. *See, United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994); *United States v Phillips*, 356 F.3d 1086, fn. 25 (9th Cir. 2004) (*citing Hall* in dicta); *United States v. Deleon*, 287 F.Supp.3d 1175, 1179 (D. N.M. 2017) ("The Court concludes that, in a criminal case, it cannot consider the merits of a pretrial motion to dismiss for evidentiary insufficiency unless Plaintiff United States of America consents and the facts are essentially undisputed.")

The operative statue, 40 U.S.C. § 1315, authorizes the federal Department of Homeland Security (DHS) to "protect the buildings, grounds, and property that are owned, occupied, or secured by the Federal Government." § 1315(a). The governing regulation relevant here, § 102.74.385, requires that "[p]ersons in and on property" must obey "the lawful direction of federal police officers and other authorized individuals." 41 C.F.R. § 102-74.385.

This regulation, however, while not specifically stating on "federal" property, has been construed as including this requirement, that is, that persons be on federal property. *See United States v. Baldwin*, 745 F.3d 1027, 1029 (10th Cir. 2014) (then-Circuit Judge, now United States Supreme Court Justice Gorsuch) ("The first says '[p]ersons in and on [Federal] property must at all times comply . . . with the lawful direction of Federal police officers and other authorized individuals.'" (alterations in original) (*quoting* 41 C.F.R. § 102-74.385); and at 1034 ("He [defendant] is surely right that the statute authorizing criminal enforcement of the regulations also requires those regulations to 'be posted and remain posted in a conspicuous place on the property'"); *see also, United States v. Penk*, 12 F.Supp.2d 1140 (D. Col., June 29, 1998) (construing 41 CFR § 101-20.304, a predecessor regulation to § 102-74.385, to mean that signage posted on the "property of the City of Denver" but adjacent to a federal courthouse is insufficient to show "in and on property" owned or controlled by the federal government); *United States v. Estrada-Iglesias*, 425 F. Supp. 3d 1265, 1270 (D. Nev. 2019) ("In order to prove a violation of this CFR, the government must prove (a) that the incident occurred on federal property;"); *Index Newspapers LLC et. al. v. City of Portland, e.t a.l*, Case No. 3:20-cv-01035-SI (D. Or., August 8, 2020), docket 157, p. 5, fn. 2.

Thus, the charged statute and regulation gives federal officers authority only on federal

property, not off of it. In particular, the relied upon law does not authorize declaring a riot or an unlawful assembly on City of Portland owned streets, or closing the City streets, or otherwise dispersing people off the streets of City of Portland streets.

Notwithstanding the true limits of the federal property relevant here, the government may claim an abstract boundary "extending 35 feet from the wall of the facility onto 2nd Ave." into the City's street. (Margaux_0000018). This will be insufficient to convict, however, for the following reasons: First, whatever description federal officers applied to the property for law enforcement purposes, the *regulation* relied upon to prosecute Ms. Margaux confines their authority only to actual federal property, not City streets; Second, even if that were not the law, the government's own evidence and video evidence disclosed by the defense will establish that Ms. Margaux was beyond 35 feet when apprehended (Margaux_0000025); (Def. 000001; Def. 000005; Def. 0000047); Third, even if that were not the fact, the government's own evidence indicates reasonable doubt about exactly where Ms. Margaux was arrested. (Margaux_0000021). That is because "officer 1" who was one of the agents who arrested Ms. Margaux indicated after the arrest that "he believed the arrest may have been off federal property [outside the 35 foot line]" and subsequent measures were then made, which claimed to measure "31.5" feet. (*Id.*). Yet this measurement ignores that federal agents had moved Ms. Margaux towards the Courthouse when securing her, before removing her from the City street, and was based not on a street marking but rather on the memory of Officer 1.

## VI.    PRE-TRIAL SUBMISSIONS.

### A. Stipulations.

There are presently no stipulations between the parties. Counsel for Ms. Margaux anticipates discussing potential stipulations with the government before trial. The Court will be

informed of any stipulations agreed upon prior to trial.

### B. Defendant's Witnesses.

Counsel for Ms. Margaux will submit a list of defense witnesses before trial, as is required by this Court.

### C. Defendant's Exhibits.

Counsel for Ms. Margaux will submit a list of defense exhibits before trial, as is required by this Court.

### D.     Defendant's Jury Instructions.

Prior to trial counsel for Ms. Margaux will submit separate proposed jury instructions for the Court's consideration. Counsel reserves the right to submit additional instructions prior to the conclusion of trial.

Counsel will in particular be submitting to the Court a proposed Theory of Defense instruction. "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). All circuits now entitle a defendant to a Theory of Defense instruction if it is timely requested, supported by the evidence, and is accurate as to the law. *See, e.g., United States v. Main*, 113 F.3d 1046 (9th Cir. 1997); *United States v. Freeman*, 761 F.2d 549 (9th Cir. 1985) (defendant entitled to First Amendment defense instruction on charge of counseling tax evasion).

### E.     Defendant's Voir Dire Topics.

Under a separate filing, prior to trial, counsel for Ms. Margaux will submit voir dire topics for the Court's consideration.

### F. Defendant's Motion in Limine.

Under a separate filing, prior to trial, counsel for Ms. Margaux will submit a motion in limine.

## VII. CONCLUSION

Counsel for the defendant submits that the government will not be able to present at trial evidence sufficient to support the charge, that Ms. Margaux is in fact and under law innocent, and that in the absence of the government's dismissal of the charge before trial, Ms. Margaux is entitled to judgment of acquittal or acquittal by verdict.

RESPECTFULLY SUBMITTED this February 13, 2021

*/s/ Nicholas Paul Granath*
Nicholas Paul Granath
CJA Panel Attorney